Argued January 24; affirmed January 31, 1933

KALAFATE *v.* DE COOK

(18 P. (2d) 593)

*R. W. Wilbur,* of Portland (Wilbur, Beckett, Howell & Oppenheimer and Francis E. Marsh, all of Portland, on the brief), for appellant.

*Paul R. Harris,* of Portland (Davis & Harris and Donald K. Grant, all of Portland, on the brief), for respondent.

KELLY, J. Defendant insists that there is no substantial evidence in the record tending to show that

defendant was negligent, and that defendant's motion for a directed verdict for defendant should have been sustained.

■ Plaintiff was sixteen years of age at the time of the accident. He testified that at that time he was riding a bicycle upon the right side of the pavement about two feet from the edge thereof and that he was not riding "zigzag." That without warning he was rendered unconscious. It is expressly admitted in the answer of defendant that a collision occurred between defendant's automobile and plaintiff's bicycle. Defendant was going in the same general direction as plaintiff and the accident happened while defendant was attempting to pass plaintiff. One of plaintiff's witnesses testified that, at the place of the accident, there was a small pool of blood approximately four or five feet from the edge of the road on the right-hand lane of traffic going southerly. We think that the jury believed this testimony and were of the opinion that this blood came from plaintiff's head and marked the place of the collision. Plaintiff's body remained where he was struck upon the pavement for a short time and was then removed to an embankment at the side of the road and from there to a house nearby.

Defendant and his witnesses testified that the collision occurred on the left of the center of the pavement. One of defendant's witnesses testified that the blood was within a foot of the center line of the pavement. This discloses a material contradiction, but does not justify this court in holding that there is no substantial testimony tending to show that defendant was negligent in "failing and neglecting to continue on the left-hand side of plaintiff until he was safely clear of

the said bicycle," and that defendant "turned his said automobile to the right before completely passing the plaintiff and directly into the left side of the plaintiff."

Defendant stresses the point that three disinterested witnesses, besides defendant and his wife, testify contrary to plaintiff's claim as to the manner in which the accident occurred, and in confirmation of defendant's version thereof. Taking their testimony alone, plaintiff's story is refuted; but the jury saw the witnesses and heard their testimony. Doubtless, the jury believed plaintiff's witness as to the location of the pool of blood, and, if so, defendant's story in that particular could not have been accepted.

■ Objection is made because the court instructed as to the alleged lack of control, excessive speed and failure to keep a proper lookout on defendant's part. The basis of this alleged error is the claim that there was no evidence tending to show any such negligence.

As to speed and control, defendant testified that he could have stopped his automobile within a distance of fifteen feet. He also testified that, when plaintiff started to turn toward the automobile, there was approximately fourteen feet intervening between the two vehicles, and, when asked whether he could have stopped his car when he saw the boy turn, defendant answered, "I suppose I could." From this, it might have been and probably was determined by the jury that both excessive speed and lack of control on defendant's part accounted for his failure to avoid the collision by stopping.

■ As to keeping a lookout for traffic, defendant testified that he was about three hundred feet from the plaintiff when he first saw plaintiff. Defendant also testified that for a distance of a mile the view was

unobstructed except as to a small curve. This testimony supports the giving of instructions on that phase of the case, especially in view of the failure of defendant to request the withdrawal of that issue from the consideration of the jury.

For the foregoing reasons, the judgment of the circuit court is affirmed.

RAND, C. J., BELT and ROSSMAN, JJ., concur.